IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION (JACKSON)

| | |
|---|---|
| JENNIFER HUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) JURY TRIAL |
| | ) JURY IS DEMANDED |
| | ) |
| MCNAIRY COUNTY BOARD OF EDUCATION | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, JENNIFER HUNT, by and through her attorneys, alleges for her Complaint as follows:

## I. INTRODUCTION

1. Plaintiff, Jennifer Hunt ("Ms. Hunt"), brings this action against the McNairy County Board of Education (MCBOE) for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA"). Ms. Hunt took FMLA leave and, upon her return, instead of restoring her to her position of Special Education Director, MCBOE intentionally placed her in a demeaning position of Homebound Teacher.

## II. THE PARTIES

### A. THE PLAINTIFF

2. Ms. Hunt resides in Stantonville, Tennessee and is a citizen of the United States.

3. At times relevant hereto, Plaintiff was an FMLA "eligible employee," specifically under 29 U.S.C. §2611(2)(A), i.e. one who worked more than 1,250 hours in the 12-month period preceding her leave.

### B. THE DEFENDANT

4. Defendant, MCBOE, is located within the Western District of Tennessee, Eastern Division, as it is located in McNairy County, Tennessee. It is an employer within the provisions of the FMLA, specifically under 29 U.S.C. § Section 2611(4)(A).

5. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

6. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

### III. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and the FMLA, 29 U.S.C. §2600 et. seq.

8. Venue is proper in the Western District of Tennessee, Eastern Division, under 28 U.S.C. §1391(b)-(c), as MCBOE employed Ms. Hunt in McNairy County, Tennessee and the cause of action accrued in McNairy County, Tennessee.

### IV. FACTS

9. MCBOE has employed Ms. Hunt full time since 2007. Beginning in 2014, Ms. Hunt obtained the contractual position of Special Education Director.

10. In October of 2021, Ms. Hunt experienced a "serious health condition" under the FMLA, anxiety, that rose to the level of requiring her to take leave from her job under the FMLA.

11.  Ms. Hunt gave proper notice of her need for leave under the FMLA, with her FMLA leave being approved by MCBOE through the first semester which expired near the end of December 2021.

12.  In December of 2021, Ms. Hunt gave notice that she was ready to return from FMLA leave. The FMLA contains a job restoration whereby the person taking leave must be restored to the same position he or she had prior to taking such leave, or an equivalent position. 29 U.S.C. §2614(a)(1).[1] In this case, Ms. Hunt's position prior to taking leave was Special Education Director.

13.  Upon giving notice that she was ready to return, MCBOE's Director of Schools advised Ms. Hunt that he was placing her in a "Homebound Teacher" position, not her Special Education Director position. In the Homebound Teacher position, Ms. Hunt would be required to teach two homebound students three hours per week at their homes. Not only were the duties substantially different—in terms of day-to-day functions, supervision, authority, location, and reporting structure—the pay was substantially different too. The Homebound Teacher role pays substantially less than the Special Education Director position pays, it does not have the same status, and it does not require the same level of training and education.

14.  Ms. Hunt did advise the Director of Schools and the Board itself of her right to reinstatement to her former position of Special Education Director. However, the Director of Schools said that "for efficiency" she would *not* be returned to her Special Education Director

---

[1] "An equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits, and working conditions, including privileges, perquisites and status." 29 C.F.R. § 825.215(a). Furthermore, "[i]t must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." *Id.* "The requirement that an employee be restored to the same or equivalent job [] does not extend to de minimis, intangible, or unmeasurable aspects of the job." 29 C.F.R. § 825.215(f). *Crawford v. JP Morgan Chase & Co.*, 531 F. App'x 622, 626 (6th Cir. 2013)

position for the remainder of the school year, at which time her employment contract would be considered anew.

15. MCBOE placed Ms. Hunt in the Homebound Teacher role, a demeaning demotion given her status and authority as Director of Special Education.

16. In addition to the different role and authority and status, she has lost pay, as MCBOE has no plans to return her to her position or one substantially similar to it. She has already begun to lose pay, as well as benefits that include a summer school payment (approximately $5,000).

## V. COUNT ONE—FMLA INTERFERENCE

17. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-15 herein.

18. Defendant violated the provisions of Section 2615(a)(1) and 2614(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the right to be restored to her position or an equivalent position upon return from FMLA leave.

## VI. COUNT TWO – FMLA RETALIATION

19. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-15 herein.

20. Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against Plaintiff because she exercised her rights under the FMLA by purposefully assigning her to a demeaning position of Homebound Teacher for two students in the apparent hope that she would quit rather than suffer the indignity.

## VII. PRAYER FOR RELIEF

23. WHEREFORE, the Plaintiff prays for the following relief:

    A.    That proper process issue along with a copy of this complaint requiring the

Defendant to appear and answer;

B. That Plaintiff be restored to her rightful position (or awarded substantial front pay) and awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay, plus an equal amount of liquidated damages and/or prejudgment interest;

C. Reasonable attorneys' fees;

D. The costs and expenses of this action;

E. Such other legal and equitable relief to which Plaintiff may be entitled; and

F. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert_____

Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
justin@schoolandworklaw.com

**THE SALONUS FIRM, PLC**
/s Jessica F. Salonus_____
JESSICA F. SALONUS (28158)
139 Stonebridge Boulevard
Jackson, Tennessee 38305
Telephone: (731) 300-0970
Facsimile: 731.256.5711
jsalonus@salonusfirm.com